# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON E. MAXWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-50-R |
| STATE OF OKLAHOMA, et al, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this action asserting violation of his constitutional rights, alleging therein that he has been held for nearly two years without a trial in Muskogee, Oklahoma. He requested that the Court hear his writ and grant his action, although he did not specify the relief sought. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On Jan 26, 2018, Judge Mitchell issued a Report and Recommendation recommending, based on screening under 28 U.S.C. § 1915A, that the action be dismissed upon filing because Plaintiff failed to state a claim upon which relief could be granted. (Doc. No. 4) Judge Mitchell further noted that to the extent Mr. Maxwell sought dismissal of the State's pending criminal charges, his claim must be filed as an action for habeas corpus relief under 28 U.S.C. § 2241, and that the Eastern District of Oklahoma is the proper jurisdiction for such a proceeding because Mr. Maxwell is detained within that District. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation (Doc. No. 9), which gives rise to the Court's obligation to conduct a *de novo* review of those

portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court ADOPTS the Report and Recommendation and DISMISSES this action.

Plaintiff's objection specifies that he is seeking relief for violation of his right to a speedy trial. He does not indicate what relief he seeks but cited to 42 U.S.C. § 1983 in his initial filing. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The only Defendant named in this civil action is the State of Oklahoma. The State, however, is not a "person" that can be sued under 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). Accordingly, Plaintiff fails to state a claim on this basis as well. Finally, to the extent Plaintiff seeks dismissal of the charges, Judge Mitchell correctly concluded that he must file a petition seeking habeas corpus relief in the Eastern District of Oklahoma, as set forth in the Report and Recommendation.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and this action is hereby DISMISSED.

IT IS SO ORDERED this 8th day of February 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE